IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LLOYD MICHAEL HAMILTON, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| CONOCOPHILLIPS COMPANY AND | § | |
| BURLINGTON RESOURCES OIL | § | |
| & GAS COMPANY LP, | § | |
| | § | |
|    *Defendants*. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants ConocoPhillips Company and Burlington Resources Oil & Gas Company LP ("Burlington") (collectively, "Defendants") file this Notice of Removal for the purpose of removing this action from the 267th Judicial District Court, DeWitt County, Texas, to the United States District Court for the Southern District of Texas, Victoria Division, on the ground that the federal district court has jurisdiction pursuant to 28 U.S.C. § 1331.[1] In support of removal, Defendants state as follows:

### I.    STATE COURT ACTION

1. On Friday, September 11, 2020, Lloyd Michael Hamilton ("Plaintiff"), filed his Original Petition, Motion for Temporary Restraining Order, Request for Temporary and Permanent Injunction, and Requests for Disclosure ("lawsuit papers") against Defendants in the 267th Judicial District Court, DeWitt County, Texas, styled *Lloyd Michael Hamilton v.*

---

[1] By removing this proceeding, the Defendants do not waive, and shall not be deemed to have waived, any available defenses or rights including the right to assert that Plaintiff's claims under the Endangered Species Act are premature.

*ConocoPhillips Company and Burlington Resources Oil & Gas Company LP*, Cause No. 20-09-25,236 ("State Court Action").

2. Claiming the need for immediate injunctive relief, Plaintiff asked for and obtained a Temporary Restraining Order ("TRO") from the court on the same date. Plaintiff obtained the TRO around 3:30pm, and one of his lawyers provided it to Defendants' counsel after 5:00pm.

3. On Monday, September 14, 2020, Defendants filed a Motion to Dissolve *Ex Parte* Temporary Restraining Order, which was subsequently granted by the court after a hearing on the same date.

4. Plaintiff's requested Temporary and Permanent Injunction is set for hearing on Monday, September 21, 2020.

5. The State Court Action arises out of Defendants ongoing construction of a 12-acre drill pad ("Pad Site") located on property of approximately 530 acres in DeWitt County, Texas, ("Valley View Ranch"), which—when complete—will be used for drilling and production of oil and gas. Plaintiff alleges that the Pad Site contains a natural habitat for an endangered species of wild cat known as a "jaguarundi." While construction on the Pad Site is near completion, Plaintiff asserts that Defendants are in violation of the Endangered Species Act ("ESA"). *See* 16 U.S.C. §§ 1531–1533. Specifically, Plaintiff's lawsuit papers allege the following causes of action: (1) violation of the accommodation doctrine; (2) negligence per se and negligence; and (3) violation of lease for excessive surface use. As further described below, most—if not all—of Plaintiff's claims arise under federal law, mandating this Court's review.

6. Defendants' Notice of Removal is filed within 30 days after service of the lawsuit papers; and thus, is timely under 28 U.S.C. § 1446. Additionally, Defendants have not waived their right to remove by defending against the TRO because opposing injunctions or seeking to

dissolve restraining orders are considered defensive actions that do not constitute a waiver. *See Tedford v. Warner–Lambert Co.*, 327 F.2d 423, 428 (5th Cir. 2003) ("[A] waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits."); *Titan Aviation, LLC v. Key Equip. Fin., Inc.*, Civ. A. No. 3:06–CV–1121, 2006 WL 3040923, at *4 (N.D. Tex. Oct. 26, 2006) ("[D]efending against [motions for a temporary restraining order and temporary injunction] does not of itself constitute a waiver of the right to remove."); *Xtria LLC v. Int'l Ins. Alliance Inc.*, Civ. A. No. 3:09–CV–2228, 2009 WL 4756365, at *4 (N.D. Tex. Dec.11, 2009) (determining that contesting a temporary restraining order in state court does not waive the right to remove).

7.  As discussed below, this Court has original jurisdiction under 28 U.S.C. § 1331 because the State Court Action involves claims that arise under federal law. Accordingly, the State Court Action is subject to removal to this Court under 28 U.S.C. § 1441(c).

## II.   PROCEDURAL REQUIREMENTS

The State Court Action is properly removed to this Court because it is pending within this district and division. 28 U.S.C. §§ 1441(a); 1446(a).

Pursuant to Southern District of Texas Local Rule 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied only by copies of the following:

- All executed process in the case, attached as **Exhibit A**;
- Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, attached as **Exhibit B**;
- All orders signed by the state judge, attached as **Exhibit C**;
- The Docket Sheet, attached as **Exhibit D**;
- An index of matters being filed, attached as **Exhibit E**; and

- A list of all counsel of record, including addresses, telephone numbers and parties represented, attached as **Exhibit F**.

As such, Defendants have attached only documents strictly permitted by Southern District of Texas, and reserve the right to submit, at an appropriate time, factual support, evidence, and affidavits to support the basis for federal jurisdiction, should it become necessary.

This Notice of Removal is also being filed with the Clerk of the 267th Judicial District Court, DeWitt County, Texas, pursuant to 28 U.S.C. § 1446(d). Undersigned counsel also certifies that written notice of removal, along with a copy of this Notice of Removal, will be served to Plaintiff promptly after filing, by and through his attorney of record. 28 U.S.C. § 1446(d).

Finally, this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

### III.   FEDERAL QUESTION JURISDICTION

Defendants remove the State Court Action on the basis of federal question jurisdiction. "Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that *arise under* the Constitution, laws, or treaties of the United States." *Exxon Mobil v. Allapattah Servs.*, 545 U.S 546, 552 (2005) (citing 28 U.S.C. § 1331) (emphasis added); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). "[T]he question whether a claim arises under federal law must be determined by reference to the well-pleaded complaint." *Merrell Dow*, 478 U.S. at 808 (internal citations omitted); *Leaumont v. City of Alexandria*, 582 Fed. Appx. 407, 409 (5th Cir. 2014).

Under the well-pleaded complaint rule, federal district courts have jurisdiction over "only those cases in which a well pleaded complaint establishes either: (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

There are instances where a plaintiff does not "directly" assert a federal claim, but nonetheless the claim "arises under" federal law. In these cases, courts look past the words in the complaint to the substance of the claim alleged, to determine whether the claim actually arises under federal law. *Rozzell v. Security Serv., Inc.*, 38 F.3d 819, 822 (5th Cir.1994); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980) (determining that the reviewing court looks to the "substance of the complaint, not the labels used in it"). "This is to prevent a plaintiff from engaging in artful pleading or pleading a state law claim or claims to avoid federal jurisdiction where the plaintiff must instead raise his or her claims under federal law." *Alim v. KBR, Inc.*, 3:11-CV-1746-N, 2012 WL 12857421, at *3 (N.D. Tex. Mar. 15, 2012) (internal citations omitted); *see also Eitmann v. New Orleans Public Serv., Inc.*, 730 F.2d 359 (5th Cir. 1984); *Grynberg Prod. Corp. v. British Gas*, PLC, 817 F. Supp. 1338, 1353–54, 1360 (E.D. Tex. 1993). Therefore, "even though [a] plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding [a] federal question." *Roland v. Green*, 675 F.3d 503, 507 (5th Cir. 2012) (citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)).

This Court has federal question jurisdiction over the State Court Action because most—if not all—of Plaintiff's claims, arise under federal law and/or require resolution of substantial federal questions for adjudication. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Unlike cases that have resulted in remand to state court, this is not a case where there are "some incidental or loose references" to federal law or where the alleged violations of federal law are a "subset of" or "serve solely to illuminate" the alleged breaches at issue. *Cf. Richardson v. Sun River Energy, Inc.*, 2012 WL

6693275, at *5-6 (N.D. Tex. Dec. 26, 2012); *Young v. Antioco*, 2003 WL 23201342, at *2-3 (N.D. Tex. Aug. 6, 2003); *Fathergill v. Rouleau*, 2003 WL 21467570, at *2 (N.D. Tex. June 23, 2003). To the contrary, in this case, the alleged violations of federal law are an essential element of the allegations asserted by Plaintiff.

### A. Plaintiff's Negligence Per Se & Negligence Causes Of Action Arise Under The ESA

This Court has federal question jurisdiction because the ESA creates Plaintiff's negligence per se and negligence causes of action. The ESA is a federal environmental statute. Citizens, including Plaintiff, may bring suit under the ESA in "The several district courts of the United States" where the "district courts shall have jurisdiction, without regard to the amount in controversy of the citizenship of the parties, to enforce any such provision or regulation, or to order the Secretary to perform such act or duty…" *See* 16 U.S.C. §§ 1540(c), (e)(2), (g)(1); *see also Aransas Project v. Shaw*, 835 F. Supp. 2d 251, 255 (S.D. Tex. 2011) (quoting the ESA and stating "The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 16 U.S.C. §§ 1540(c) & (g) (the Endangered Species Act)").

In support of his negligence per se and negligence causes of action, Plaintiff directly cites to the ESA as forming the basis of his claims. *See* Exhibit B, at ¶ 23 ("The Endangered Species Act imposes civil and criminal penalties for violations of its provisions."). Indeed, Plaintiff's entire negligence per se and negligence allegations rests on there being a violation of the ESA, which inherently implicates and requires assessment of the federal statute.[2] Thus, to adjudicate Plaintiff's claims, the Court will necessarily need to determine questions such as: (i) whether there was a "harm" under the ESA; and (ii) whether there was a "take" under the ESA. Because the

---

[2] On September 8, 2020, Plaintiff served formal written notice on the United States Secretary of the Interior of his intention to file a citizen suit under the ESA. *See* Exhibit B, at ¶ 16, n. 1.

Fifth Circuit Court of Appeals has stated that, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights," the State Court Action warrants removal to this Court. *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988).

      **B.**    **Plaintiff's Claim Of A Violation Of The Accommodation Doctrine Arises Under Federal Law**

In the Fifth Circuit, federal question jurisdiction will be found where: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Hughes v. Chevron Phillips Chem. Co.*, 478 F. App'x 167, 170 (5th Cir. 2012) (quoting *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) and citing *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 312)).

Here, Plaintiff asserts a state law claim under the "accommodation doctrine"; however, that claim is premised on a finding that Defendants violated the ESA. Indeed, Plaintiff's use of the accommodation doctrine relies solely on the ESA. The accommodation doctrine protects the existing use of a property's surface estate and Plaintiff's claim is premised upon the need to protect the existing surface use because of the alleged presence and habitat of an endangered species under the ESA. 16 U.S.C §§ 1531–44. In other words, to determine whether there was a violation of the accommodation doctrine, a determination must be made as to whether Defendants failed to protect, or "harmed," an endangered species and its habitat on the Pad Site. *See* Exhibit B, at ¶¶ 19–21. This reliance on the ESA, which is cited throughout Plaintiff's accommodation doctrine allegations, supports that his claim "arises under" federal law. *See* Exhibit B, at ¶¶ 19–21.

Plaintiff's accommodation doctrine claim therefore depends on a resolution of a substantial federal question. As such, removal is appropriate.

## IV. SUPPLEMENTAL JURISDICTION

Because this removal is based upon federal question jurisdiction, this Court has jurisdiction over Plaintiff's state law claims, if any, pursuant to 28 U.S.C. § 1367(a). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which district courts would have original jurisdiction." *Exxon Mobil Corp.*, 545 U.S. at 558. Federal courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (internal citations omitted). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806.

Plaintiff's claims may involve a state law cause of action. However, such claims would share a common nucleus of operative fact with, and form part of, the same case or controversy as Plaintiff's ESA-based claims discussed above. Specifically, Plaintiff's complaints in this lawsuit are based on the same factual allegations that Defendants' Pad Site construction is somehow violating the ESA. On this basis, 28 U.S.C. § 1367(a) grants this Court supplemental jurisdiction over Plaintiff's state law claims, if any, because they share a common nucleus of operative fact with, and form part of the same case or controversy as, Plaintiff's federal ESA-based claims. Therefore, it is appropriate for this Court to exercise jurisdiction over all of Plaintiff's claims. *Stephens v. LJ Partners*, 852 F. Supp. 597, 600 (W.D. Tex. 1994) (exercising supplemental jurisdiction over state law claims where adjudicating the federal claim required the court to address

the same issues that were raised by the state law claims). Accordingly, removal of the State Court Action on the basis of federal question jurisdiction is proper.

## V.   CONCLUSION

WHEREFORE, Defendants remove this action from the 267th Judicial District Court, DeWitt County, Texas, to the United States District Court for the Southern District of Texas, Victoria Division, so that this Court may assume jurisdiction over the cause as provided by law.

                Respectfully submitted,

                */s/ Michael J. Mazzone*
                Michael J. Mazzone
                Federal I.D. No. 4267
                Texas Bar No. 13313000
                1221 McKinney, Suite 4000
                Houston, Texas 77010
                Telephone (713) 547-2064
                Facsimile   (713) 236-5631
                michael.mazzone@haynesboone.com

                ATTORNEY-IN-CHARGE FOR DEFENDANTS

OF COUNSEL:
HAYNES AND BOONE, LLP
Mini Kapoor
Federal I.D. No. 1692359
Texas Bar No. 24080969
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone (713) 547-2261
Facsimile   (713) 236-5664
Mini.kapoor@haynesboone.com

Casey T. Cullen
Cullen, Carsner, Seerden & Cullen LLP
119 S. Main Street
Victoria, Texas 77902

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record via e-mail and U.S. Mail in accordance with the Federal Rules of Civil Procedure on this 17th day of September 2020:

John Matthew Sjoberg
Jackson, Sjoberg & Townsend, LLP
711 W. 7th Street
Austin, Texas  78701
(512) 472-7600
(512) 225-5565 (Fax)
msjoberg@jacksonsjoberg.com

Jeff Mundy
The Mundy Frim PLLC
4131 Spicewood Spring Road, Suite O3
Austin, Texas  78759
(512) 334-4300
(512) 590-8673 (Fax)
jeff@jeffmundy.com

Raymond H. Reese
Dietze & Reese, LLP
108 North Esplanade Street
P. O. Box 841
Cuero, Texas  77454
(361) 275-5701
(361) 275-2118 (Fax)
rhr@dietze-reese.com

                    */s/ Michael J. Mazzone*
                    Michael J. Mazzone