Case 6:20-cv-00059   Document 17   Filed on 10/23/20 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
October 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **LLOYD MICHAEL HAMILTON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. 6:20-cv-00059 |
| § | |
| **CONOCOPHILLIPS COMPANY AND** § | |
| **BURLINGTON RESOURCES OIL** § | |
| **& GAS COMPANY LP,** § | |
| § | |
| **Defendants.** § | |

## ORDER

Lloyd Michael Hamilton owns equitable title to the surface estate of a tract of land in DeWitt County, Texas. Hamilton alleges the land is home to the jaguarundi, an endangered species of wild cat. He initially brought suit in state court against Defendants ConocoPhillips Company and Burlington Resources Oil & Gas Company LP, lessees of the land's mineral estate, seeking to construct a 12-acre pad to be used for the drilling and production of oil and gas near the jaguarundi's alleged habitat. In his three-count Complaint, Hamilton alleges that Defendants (1) violated the lease's accommodation doctrine; (2) were negligent *per se* based on the Endangered Species Act (the "ESA") and negligent under Texas's standard of care; and (3) violated the lease for excessive surface use. Defendants subsequently removed the action to this Court, asserting that some of Hamilton's claims implicate the ESA thereby giving rise to federal subject matter jurisdiction. After the case was removed, Hamilton dismissed both negligence claims and filed a Motion to Remand or Alternatively for Temporary Restraining Order. (Dkt. No. 4). Defendants oppose remand, arguing that Hamilton's voluntary dismissal does not defeat this Court's subject matter jurisdiction because the resolution of the

accommodation doctrine claim necessarily turns on federal law. (Dkt. No. 9). Defendants also ask the Court to exercise supplemental jurisdiction over Hamilton's state law claims. For the reasons discussed below, Hamilton's Motion to Remand is **GRANTED**.

I.      BACKGROUND

Plaintiff Lloyd Michael Hamilton ("Hamilton") owns equitable title to the surface estate of a tract of 530 acres of land, along with an undivided interest in its mineral estate, located in the John E. Ross Survey, Abstract No. 405, DeWitt County, Texas (the "Property"). (Dkt. No. 1-2 at ¶ 9). The Property is allegedly home to an unspecified number of endangered species of wild cat known as the jaguarundi which are alleged to have been sighted on and adjacent to the Property. (*Id.* at ¶ 12).

On May 4, 2007, Hamilton, together with other persons owning other tracts, leased the mineral interests in the Property to Hawke Enterprises under an Oil, Gas and Related Mineral Lease (the "Lease"). (*Id.* at ¶ 9). Defendants ConocoPhillips Company and Burlington Resources Oil & Gas Company LP (the "Defendants") are assignees of the Lease and operate the oil and gas leasehold estate on the Property. (*Id.* at ¶ 10). Currently, Defendants are constructing a pad on the Property in order to drill wells (the "Pad Site"). (*Id.* at ¶ 11). Construction of the Pad Site requires Defendants to remove natural vegetation and make other changes to the natural condition of the Property. (*Id.*).

Upon learning of the construction site, Hamilton, along with the United States Fish and Wildlife Service ("FWS"), notified Defendants of the presence of the jaguarundis and that proceeding with the plans would destroy the wild cats' optimal habitat near the Pad Site. (*Id.* at ¶¶ 12-13). On September 3, 2020, FWS sent a letter to Defendant ConocoPhillips stating its determination that jaguarundis are indeed present in and around the Property and the Pad Site, and that the habitat for the endangered cats exists near the Pad Site. (*Id.*). In response, Defendants

2

moved the Pad Site to another location on the property. (*Id.*). Notwithstanding this move, Hamilton was not satisfied and alleges in his Petition that the new Pad Site remains proximate to jaguarundi sighting locations. (*Id.* at ¶ 13). Hamilton and FWS identified yet another alternative location for the Pad Site, however, Defendants are unwilling to further alter their plans. (*Id.* at ¶ 14).

On September 11, 2020, Hamilton filed suit in the 267th Judicial District Court in DeWitt County, Texas (the "State Court"), styled *Lloyd Michael Hamilton v. ConocoPhillips Co. and Burlington Resources Oil & Gas Co., LP*, Cause No. 20-09-25, 236, alleging three causes of action against Defendants: a violation of the lease's accommodation doctrine, negligence and negligence *per se* pursuant to 16 U.S.C. § 1540 of the Endangered Species Act ("ESA") (inexplicably combined into a single count), and a violation of the lease for excessive surface use. (*Id.* at ¶¶ 18, 22-23, 25). Hamilton's state court petition included a Motion for Temporary Restraining Order and Request for Temporary Injunction and Permanent Injunction. (*Id.* at ¶ 29). That same day, the State Court issued a Temporary Restraining Order against Defendants. (Dkt. No. 1 at ¶ 2). On September 14, 2020, the next business day, Defendants filed a Motion to Dissolve *Ex Parte* Temporary Restraining Order which the State Court granted after a hearing on the same day. (*Id.* at ¶ 3).

The State Court set a temporary injunction hearing for September 21, 2020. (*Id.* at ¶ 4). Before the hearing could take place, Defendants removed the case to this Court on September 17, 2020. (*Id.* at ¶ 6). Defendants asserted in their removal papers that Hamilton's claims raised a federal question, and that the Court has supplemental jurisdiction over Hamilton's state law claims. (*Id.* at 4-8).

3

On September 22, 2020, Hamilton filed a Notice of Dismissal of his negligence and negligence *per se* claims. (Dkt. No. 3). While not explicitly agreeing, Hamilton acknowledged Defendants' characterization of the claims as arising under a federal question and dismissed them without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (*Id.* at ¶ 2). The Court entered an Order to that effect on September 29, 2020. (Dkt. No. 11). Now without the negligence claims, Hamilton files this Opposed Motion to Remand or Alternatively for Temporary Restraining Order. (Dkt. No. 4). He argues that the two remaining claims against Defendants alleging a violation of the lease's accommodation doctrine and a violation of the lease for excessive surface use are state-law claims, which the Court should remand to the State Court. (*Id.* at 2). After the Court ordered an expedited response, (Dkt. No. 5), the Defendants filed a Response to the Motion to Remand on September 25, 2020. (Dkt. No. 9). Plaintiff filed a Reply on September 28, 2020. (Dkt. No. 10). Three days later, the Court held a hearing on the Motion and instructed the Parties to submit briefs on the ESA's application to Hamilton's accommodation doctrine claim. Those briefs were submitted on October 8 and 9 of 2020. (Dkt. Nos. 14-16).

## II.   DISCUSSION

Federal courts have limited subject matter jurisdiction and may preside over cases only when authorized by the Constitution or by federal statute. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Pursuant to 28 U.S.C. § 1441(a), "[a] district court has removal jurisdiction in any case where it has original jurisdiction." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The federal court's original jurisdiction may be federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332(a). Here, only the Court's federal question jurisdiction is potentially implicated.

### A.     WHEN SUBJECT MATTER JURISDICTION IS DETERMINED

To determine whether federal jurisdiction exists, the Court looks to the record in the state court at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).

In the present case, Hamilton made the following claims in state court: (1) violation of the lease's accommodation doctrine; (2) negligence *per se* under the ESA and negligence; and (3) violation of the lease for excessive surface use. Defendants contend that Hamilton's "negligence *per se* and negligence claims are entirely premised on the ESA." (Dkt. No. 9 at 6). Defendants further argue that Hamilton "cannot maintain his accommodation claim without relying on the ESA." (*Id.* at 7). Hamilton, for his part, disputes that the accommodation doctrine claim relies on the ESA and argues that because he dismissed his negligence and negligence *per se* claims, (Dkt. No. 3) the Court should adhere to the "general rule" and decline to exercise jurisdiction over his remaining state-law claims. (Dkt. No. 4 at 7).

The Court will assume for purposes of this Motion that the negligence and negligence *per se* claims implicate the ESA such that the Court had federal question jurisdiction at the time the case was removed. Although Hamilton has since voluntarily dismissed those claims, the Court is not necessarily deprived of jurisdiction. *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 n.2 (5th Cir. 1985) ("Although the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion not to retain pendent jurisdiction over the remaining state claims."). However, though not "mandatory or absolute," the "general rule" is "to remand a case when all federal claims are disposed of prior to trial." *See McClelland v. Gronwaldt*, 155 F.3d 507, 519-20 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003). Thus, the question before

5

the Court is whether the accommodation doctrine claim implicates the ESA such that it invokes federal question jurisdiction.

### B. WHETHER FEDERAL QUESTION JURISDICTION IS INVOKED IN THE ACCOMMODATION DOCTRINE CLAIM

Under the accommodation doctrine developed by the Supreme Court of Texas, "[a]bsent an agreement to the contrary, an oil-and-gas lessee has an implied right to use the land as reasonably necessary to produce and remove the minerals but must exercise that right with due regard for the landowner's rights." *Coyote Lake Ranch, LLC v. City of Lubbock*, 498 S.W.3d 53, 55 (Tex. 2016) (citing *Getty Oil Co. v. Jones*, 470 S.W.2d 618, 621 (Tex. 1971)). "To obtain relief under the accommodation doctrine, the surface owner has the initial burden to prove: (1) the lessee's use of the surface completely precludes or substantially impairs the existing use; and (2) the surface owner has no reasonable alternative method available to continue his existing use of the surface." *Harrison v. Rosetta Res. Operating*, *LP*, 564 S.W.3d 68, 72 (Tex. App. – El Paso 2018, no pet.) (citing *Coyote Lake Ranch*, 498 S.W.3d at 64). If the burden is carried, the plaintiff (3) "must then prove that under the circumstances there are 'alternative reasonable, customary, and industry-accepted methods available to the lessee which will allow recovery of the minerals and also allow the surface owner to continue the existing use.'" *Id.* (quoting *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 249 (Tex. 2013)).

Supporting remand, Hamilton asserts that his accommodation doctrine claim does not rely on a finding that the ESA was violated. (Dkt. No. 4 at ¶¶ 13-14). Defendants disagree, arguing that the claim necessarily relies on federal law because Hamilton needs to establish that an endangered species and its habitat are on his property, (Dkt. No. 9 at 9), and that an alternative location for Defendants' use does not violate the ESA. (Dkt. No. 14 at ¶¶ 4-6). In short,

6

Defendants contend that Hamilton is essentially bringing an ESA claim dressed up as an accommodation doctrine claim. (Dkt. No. 9 at 7-8).

A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). "The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The well-pleaded complaint rule recognizes that the plaintiff is the "master of the claim," and a plaintiff may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Where a plaintiff properly pleads only a state law cause of action, there generally is no federal question jurisdiction. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). Federal question jurisdiction, however, may be present in a state law claim if Defendants demonstrate that "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Satisfaction of all four prongs is necessary for a court to exercise federal question jurisdiction. *Id.* (calling this test the "requisite inquiry").

These prongs were articulated and applied in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, where the Supreme Court held that plaintiff Grable's state law quiet title action arose under federal law because it depended on an interpretation of federal tax law. 545 U.S. 308, 315–16, 125 S.Ct. 2363, 2268–69, 162 L.Ed.2d 257 (2005). In that case, the

7

Internal Revenue Service ("IRS") seized real property owned by Grable to satisfy a tax delinquency after providing him notice by certified mail. *Id.* at 310-11. The IRS then sold the property to Darue. *Id.* Grable then brought a quiet title action in state court claiming that Darue's title was invalid because 26 U.S.C. § 6335 required the IRS to give Grable notice by personal service. *Id.* at 311. The action was removed to federal court and Grable's motion for remand was subsequently denied. *Id.* In affirming the decision, the Supreme Court found that Grable premised its claim on the IRS's failure to give adequate notice, as defined by federal law. *Id.* at 314-15. Thus, whether Grable received notice within the meaning of the statute was held to be an essential element of his quiet title claim and, in that case, the federal statute's meaning was actually disputed. *Id.* at 315. The meaning of the federal tax provision was also deemed to be an important federal-law issue that belonged in federal court because the IRS had a strong interest in prompt and certain collection of taxes and in its ability to satisfy its claims from the property of delinquents. *Id.* The Supreme Court further noted that since it is rare for a state title case to raise a federal law issue similar to Grable's, federal jurisdiction to resolve disagreement over federal tax title provisions would have a small effect on the balance between federal and state judicial responsibilities. *Id.*

Unlike the plaintiff's claim in *Grable*, Hamilton's accommodation doctrine claim fails to satisfy even the first prong of the *Singh* test because the ESA is not necessary to resolve the accommodation doctrine claim. Defendants argue that, in order "to determine whether there was a violation of the accommodation doctrine, a determination must be made to questions such as: whether there is an endangered species present on or near the Pad Site, whether the Pad Site area serves as a natural habitat for an endangered species, and whether Defendants failed to protect, or 'harmed,' an endangered species and its habitat on or near the Pad Site." (Dkt. No. 9 at 8-9).

8

However, to raise the accommodation doctrine, Hamilton need only initially state that his existing use is impaired by Defendants' actions and explain that he has no reasonable alternative to continue such use. *See Harrison*, 564 S.W.3d at 72. He has done so by alleging that he uses the surface estate for the jaguarundi. (Dkt. No. 1-2 at ¶¶ 20-21). Whether the jaguarundi on this property are protected by the ESA is of no moment. The accommodation doctrine is meant solely to facilitate the relationship between the surface and mineral estates of the land. *See Coyote Lake Ranch*, 498 S.W.3d at 60–61 ("[T]he mineral and surface estates must exercise their respective rights with due regard for the other's. This principle underlies the accommodation doctrine, . . ."). Hamilton could state that his existing use includes deer or cattle, obviously not protected by the ESA, and the analysis would be the same as for an endangered species protected by the ESA. Whether or not Defendants violated the ESA by harming an endangered animal like the jaguarundi is a separate inquiry.

Defendants also argue that the accommodation doctrine's third element implicates the ESA. More specifically, Defendants contend that any alternative location for the Pad Site would need to be comply with the ESA since the jaguarundi is a protected animal. (Dkt. No. 14 at ¶¶ 4-6). But the accommodation doctrine's third element does not require proving that the alternative location for the Pad Site is in conformity with the ESA; instead, Hamilton must establish that another location on the Property may be used by Defendants to drill for oil without impairing his existing use of the land. Whether that location would comply with the remedy in an ESA lawsuit is out of the accommodation doctrine's purview. Accommodating the surface estate holder's existing use does not transform the claim into an action implicating other types of rights. *See, e.g.*, *VirTex Operating Co. v. Bauerle*, No. 04-16-00549-CV, 2017 Tex. App. LEXIS 10413, at *26–28, 33–34 (Tex. App. – San Antonio Nov. 8, 2017, pet. denied) (finding that requiring an oil-

9

drilling defendant to accommodate the surface estate owner's use by burying power lines does not transform the plaintiff's accommodation doctrine claim into a zoning rights claim). To the extent Defendants may use the ESA as a defense against the availability of an alternative location Hamilton may offer, "[a] defense that raises a federal question [by itself] is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

Although not explicitly raised by the Parties, the Court notes that the ESA does not provide a remedy to Hamilton's claim that state law does not already provide. In his Complaint, Hamilton seeks a temporary restraining order and temporary injunction; damages against Defendants; a permanent injunction requiring Defendants to cease developing the Pad Site and prohibiting future development; and other collateral relief such as attorney's fees and costs. (Dkt. No. 1-2 ¶ 34). Hamilton notes that remedies for the accommodation doctrine, a doctrine created by the Texas Supreme Court, "is determined by state law principles governing injunctive relief, declaratory relief, and damages." (Dkt. No. 15 at 10).

For their part, Defendants do not state whether the ESA is implicated in the relief Hamilton seeks, but the Court notes that ESA violations may similarly be remedied by declaratory and injunctive relief through the ESA's citizen-suit provision. *See* 16 U.S.C. § 1540(g)(1)(A) ("Except as [otherwise provided,] any person may commence a civil suit on his own behalf -- to enjoin any person . . . who is alleged to be in violation of any provision of [the ESA]."); *id.* § 1540(g)(5) ("The injunctive relief provided by [the citizen-suit provision] shall not restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or limitation or to seek any other relief (including relief against the Secretary or a State agency)."); *see also Aransas Project v. Shaw*, 835 F. Supp. 2d 251, 271–73

(S.D. Tex. 2011) (finding that the ESA citizen-suit provision allows both injunctive and declaratory-judgment relief).  However, "the fact that federal remedies may exist for the same conduct complained of does not transform a state law action into a federal question."  *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).  For a remedy by itself to provide federal question jurisdiction over a state law claim, the remedy must "raise a substantial, disputed question about an essential element of a federal right, as required for an issue to present a federal question."  *In re Hot-Hed Inc.*, 477 F.3d at 325 (quotation omitted)..

In *Medina v. Ramsey Steel Co.*, for example, the remedies the plaintiff sought, back pay and liquidated damages, were found to have raised a federal issue even though Medina was alleging discriminatory non-promotion and retaliatory discharge under the Texas Labor Code.  238 F.3d at 680.  The court concluded that the plaintiff's claims raised a federal issue because such damages were only available under the Age Discrimination in Employment Act.  *Id*.  Here, unlike in *Medina*, Hamilton is requesting only injunctive relief, which is available through the accommodation doctrine and state law principles.  There is no indication in the Complaint that his accommodation doctrine claim pursues a remedy uniquely available under the ESA.

Hamilton's accommodation doctrine claim likewise fails to satisfy the remaining three prongs for federal question jurisdiction; those being that the federal issue is disputed; the federal issue is substantial; and that federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.  *Singh*, 538 F.3d at 338.  Since there is no federal issue to be resolved in order to decide the accommodation doctrine claim, it follows that there is no federal issue that is actually disputed or substantial to the case.  Federal jurisdiction over the accommodation doctrine claim will also disturb the balance between federal and state court responsibilities as the claim is grounded purely on a doctrine constructed by Texas state courts.  *See Grable*, 545 U.S. at 319, 125

11

S.Ct. at 2371 (instructing that federal courts must examine "the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts.").

Lastly, the Court is unpersuaded by Defendant's argument that Hamilton's accommodation doctrine claim is an ESA claim in disguise since he is "prohibited from raising an accommodation doctrine claim because of the express, written permission given by the actual record surface owners to build the disputed pad site on the exact location on which it has been built." (Dkt. No. 9 at 7-8). Even if this contention were correct, which this Court does *not* decide, it would go to the merits of Hamilton's accommodation doctrine claim – it would not transform Hamilton's accommodation doctrine claim into an ESA claim.

### C. SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS

Because the Court lacks federal question jurisdiction over the accommodation doctrine claim, the Court must now determine whether exercising supplemental jurisdiction over the remaining state law claims is appropriate. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . .to the district court of the United States." 28 U.S.C. § 1441. Cases removed based on federal question jurisdiction, 28 U.S.C. § 1331, may be accompanied by state law claims over which the federal court has supplemental jurisdiction, 28 U.S.C. § 1367. If at any time after removal the claims that gave rise to federal question jurisdiction are dismissed, the court has discretion to remand the remaining state law claims to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51, 108 S.Ct. 614, 619-20, 98 L. Ed. 2d 720 (1988). Courts determining whether to remand claims under supplemental jurisdiction should be guided by the factors set out in § 1367(c), which permits courts to decline jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which

12

the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Also relevant to the determination are "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ.*, 484 U.S. at 350, 108 S.Ct. 614 at 619.

As mentioned earlier, the "general rule" is to remand a case if all federal claims are dismissed prior to trial. *See Gronwaldt*, 155 F.3d at 519. This rule and the enumerated factors above were clearly pronounced in *Enochs v. Lampasas County*, where the Fifth Circuit reversed a district court's decision to exercise supplemental jurisdiction over purely state law claims and to deny remand. 641 F.3d 155 (5th Cir. 2011). In *Enochs*, the Fifth Circuit determined that the district court abused its discretion when it "fail[ed] to reconsider its jurisdiction over the Texas state law claims as of the moment it granted Enoch's motion to file an amended complaint deleting all federal claims from the case." *Id.* at 161. The Fifth Circuit held that if the district court reconsidered supplemental jurisdiction over the purely state law claims remaining in Enoch's complaint, "it likely would have then expressly considered the statutory and common law factors, and it likely would have followed the general rule and granted the motion to remand." *Id.* The Fifth Circuit noted that the federal claims were deleted when the case "was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled, the district court was not even moderately familiar with any of the Texas state law issues, no financial or other inconvenience would have occurred, and no prejudice would have arisen." *Id.* at 162. These facts, and "the balance of the statutory and common law factors[,] weigh[ed] heavily" in favor of remand. *Id.* at 162-63.

Similarly, the factors set forth in § 1367(c) clearly weigh in favor remand in this case. Defendants do not argue that Hamilton's remaining claim, a violation of the lease for excessive surface use, raises federal question jurisdiction. (Dkt. No. 9 at 10). Indeed, it is a state law claim grounded on a breach of contract theory. (*See* Dkt. No. 1-2 at ¶ 27 ("Defendants' excessive use, in violation of their rights under the Lease, has caused harm and damages to [Hamilton] and the Property.")). And as discussed above, the accommodation doctrine is a Texas state court doctrine created to resolve disputes between the surface estate holder and the mineral estate holder. Hamilton voluntarily dismissed the negligence and negligence *per se* claims that, this Court assumes, originally raised federal question jurisdiction over this cause of action.

Moreover, there were few federal judicial resources expended on this removed action. The suit was recently removed from the State Court to this Court on September 17, 2020. Before removal, the State Court had decided two motions regarding the issuance of a temporary restraining order and had scheduled a hearing for a temporary and permanent injunction on September 21, 2020. Indeed, prior to the removal, proceedings in the State Court appear to have been flowing efficiently. This Court, aside from considering this Motion to Remand, has not ruled on anything on the merits. Principles of comity and fairness dictate that the Court forego supplemental jurisdiction, as state courts are better equipped to decide matters of state law. *Enochs*, 641 F.3d at 160 ("[I]mportant interests of federalism and comity [should] be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts.") (internal citations and quotations omitted). Keeping the case in this Court would not provide more convenience to the Parties, as the State Court and this Court are located in the same locality, area, and region. (*See id.*). Given these considerations, the Court declines to exercise supplemental jurisdiction, and concludes that remand is appropriate.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Hamilton's Motion to Remand and **REMANDS** the action to the 267th Judicial District Court in DeWitt County, Texas.

It is SO ORDERED.

Signed this 23rd of October, 2020.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**